Good morning. May it please the Court. This case presents the issue of equitable estoffel and equitable tolling under the Anti-Terrorism and Effective Death Penalty Act of 1996. There are two basic issues in this case. One was the attorney who failed to notify my client of the denial of his petition for review by the California Supreme Court. Did that constitute extraordinary negligence under the standards that are applied to equitable tolling? And two, once my client did find out that the California Supreme Court had denied review of his petition, was he diligent, or did he slumber on his rights? What's the best case that you have to show that this requires equitable tolling? Well, I would say that the Stitson v. Moore case would probably be the best one, and that is at 345 F. 3rd, 796. And in that particular case, this Court – that's the first case that this Court decided whether attorney misconduct, as opposed to, say, the prison's misconduct in failing to discharge a filing fee or a clerk had failed to file something, that was the first case that this specific Court decided in terms of whether there was attorney misconduct that could constitute equitable tolling under the AEDPA. In that case, which was out of Washington, an attorney had been retained by the family for $2,000 to file a petition for habeas in a district court. The attorney failed to do that. Now, I realize that the issue is slightly different in this case because we don't have an attorney who failed to file an appeal. But we do have an attorney who was appointed through the State of California, appointed to represent Petitioner in his direct appeal. Well, you're either going to have one or the other, aren't you? You're either going to hire one or you're going to get one appointed. Exactly. And whether the family has hired one or whether the Court has appointed one, the same standards of attorney misconduct, attorney negligence, and extraordinary negligence are going to apply. So that's going to be precisely my point, that even though in this case, I mean, the family didn't go out and spend their own money. The State of California paid an attorney to represent Mr. Becerra-Rodriguez. Now, the attorney rel- How is this different from the Lawrence v. Florida case? The Lawrence v. Florida case? That's the Supreme Court since the Spitzen case. This case is different from Lawrence, obviously, because in this case, the Court is relying on the extra 90 days that was applied until February 27th of 2007 that the Supreme Court said you don't get the extra 90 days in which a petition for cert could have been filed. You can't tag on that extra 90 days. In this case, the district court and the United Circuit had been using that extra 90 days all along, so I would submit that that 90 days should apply. But in this case, the attorney did send a letter to my client, April 21st of 2003. And I think the letter on the first page was a model of clarity and a lucid exposition about rights under AEDPA. The problem was the second page, and that's on excerpts of record of page 18. Second page of the letter, the attorney says to the client, I will notify you of the date if the California Supreme Court denies review, I will notify you of that date. And then a couple of paragraphs later, she also adds, I will notify you of any developments on the part of the California Supreme Court. Now, the difference between this dereliction-of-duty case and the cases where the courts have found, well, there's no duty to appoint counsel on habeas, therefore, if habeas counsel gives the wrong due dates, there's no harm, no foul because there's no constitutional right to an attorney in habeas. Here, we have an attorney that is appointed in direct review. And I submit, and I don't think this point is particularly emphasized or outlined in the brief, so I did want to stress it in oral argument. I believe that a petition for review to the California Supreme Court constitutes part of the direct appointment of that attorney. Now, why do I believe it? I believe it because I think it's in the cases that you've written. Kennedy, What's the best case on that? Best case on that is Miranda v. Castro. In fact, there's two best cases, but you asked for the best. Miranda v. Castro, this case is one where the court denies equitable tolling because the attorney explains there's a one-year statute and then gives a due date of a year later, but it completely explains everything to the defendant. But in that case, your rulings talk about the conclusion of direct review was the denial by the California Supreme Court. Now, again, in Fry v. Hickman, oh, and that's on page 1067. The site is 292F3rd1063, and it's at page 1067 that the Ninth Circuit talks about the conclusion of direct review was the denial by the California Supreme Court. In another case, if I may add, although you didn't ask the question, but the second best case on that, Fry v. Hickman, 273F3rd1144, 2001 Ninth Circuit case, and in that case, there's also the court talks about the conclusion of direct review in the California Supreme Court. Now, I believe the Respondent has argued that there's no right to counsel indiscretionary But with this Court saying and looking at all of the cases I've found where you look at direct review, you are seeing that direct review ends with the filing of the petition with the California Supreme Court and the denial of that petition, so your cases say, well, once the petition is denied and you don't have a right, you don't have a constitutional right to habeas, Federal habeas, then there is no dereliction of duty for the attorney to have given the wrong advice about the statutes of limitation. So my point here is that if, as I argue in the brief, you're entitled to appel effective assistance of counsel at the appellate level, and if it's in California, the appellate level and direct review level goes through to the California Supreme Court, because your cases have dealt with it that way, then my client did have a right to have reasonable guidance from his lawyer, which would have included the specific information when the California Supreme Court denied his petition for review. For all he knew, they had granted review or something had come up where they had extended the time in which review could be granted. And that was my point. Roberts. Tell me if the following is a fair statement of the law. In this area, in order to determine whether a habeas Petitioner is entitled to equitable tolling, mere attorney negligence is not sufficient. Exactly. That is exactly what you've ruled over and over, mere attorney negligence. Now, an example of negligence might be a miscalculation of the one-year period. That is correct. So if a lawyer advises a client that you must file your habeas petition by X date, and it turns out that the lawyer is wrong by a day or two, that's an example of negligence. That's correct. And that's what you have ruled in Miranda v. Castro, where you said that the attorney giving the wrong dates or not notifying them about the right dates was not an entire graphic layer that didn't constitute extraordinary negligence. So in this case, it appears that the attorney simply failed to advise the client. The attorney failed to advise the client. After promising to do so. After making a promise to do so. And so my argument is that this is not ordinary negligence. And what I have tried to do is to cite the case of Roe v. Flores-Ortega, a United States Supreme Court case that has to do with whether an attorney has a duty to file a notice of appeal. And in that case, the Court ruled an attorney doesn't have an absolute duty to file an appeal, but if the defendant wanted an appeal filed, and if an objectively reasonable attorney would have filed a notice of appeal, that the notice of appeal should have been filed. And in that case, the U.S. Supreme Court remanded that for further factual findings. Does the record in this case tell us what happened here? There's no record in this case to tell us. Does the record tell us what happened, why the lawyer didn't advise the client? Oh, in this case, no. The record does not tell us that. I was appointed on appeal. I wasn't appointed at the district court level. Had I been appointed there, I would have done a number of things, such as having the California, Central California Appellate Project testify that when they assign a case to an attorney, it includes a mandatory duty to file a petition for review with the California Supreme Court. I would have tried to subpoena that attorney to a hearing or get a declaration. Was your client pro se at the district court level? He was pro se. So that accounts for the fact that the record is not totally complete in this case as to those issues. Okay. My question's taking you a little over your time. We'll give you 30 seconds for rebuttal. We'll hear from the other side at this time. Mr. Riley? Thank you. Good morning. May it please the Court, Justin Riley, on behalf of the Warden. Mr. Rodriguez's appellate counsel in a letter told him that she would inform him when his petition for review was denied by the California Supreme Court. It appears she didn't. Preliminarily, Rodriguez can't show that he had a constitutionally protected right to have his attorney inform him when the petition for review was denied. What does that analysis have to do, whether we should exercise our discretion to apply principles of equitable tolling? I'm not sure it has much to do with that. I don't think Roe v. Ortega has much bearing on this case. I still think you have to get to the analysis of equitable tolling, whether or not the circumstances were extraordinary, and whether or not the Petitioner was nevertheless diligent throughout all stages of. Do you find any cases similar to this where an attorney says, I'll tell you when the Petitioner decides your appeal, and that's a very important date, and I'll get that to you, and then doesn't? Unfortunately, I didn't. Not just those facts. Would you agree that that's a tick or two above mere negligence? You know, I don't think so. We don't know what was happening at that attorney's office. Maybe she forgot. Maybe she mailed it to the wrong address. I mean, the Petitioner would possibly know. Is there anything more serious in the practice of law than a statute of limitations and when it runs and when it doesn't? I can't think of anything. Anything more fundamental to the operation of a law office than calculating when statutes begin and when they end? I don't think the fundamental nature of the statute of limitations bears much on the attorney's conduct, because this Court has found in several different cases that the mere attorney negligence in calculating the statute of limitations is just ordinary negligence. Well, this is different than calculation, isn't it? I don't think so. Counsel, you may add to the facts that counsel, that the Petitioner began to call his lawyer, never got a response. So we have, she says, I'm going to tell you, and then won't even respond to his phone calls. This seems to be going beyond mere negligence. We don't know that he actually made telephone calls or wrote letters. He does allege those things in a letter to the California Supreme Court. He does allege those things in a declaration in support of a request for an extension of time in the district court. But then he abandons that argument and doesn't present any evidence. In his request for an extension of time, for instance, he said, I need some time to find some evidence that I wrote a letter to my attorney and that my, I believe it was father, uncle, something like that, also called my appellate counsel. And then in his, he said, I need time to find that evidence. And in his traverse, he completely abandons those arguments and doesn't present any evidence. Do we know? This is a different issue. He says in writing to the Supreme Court that he called counsel several times and got no response. He doesn't make that argument in regard to that evidence at all. He was looking for that evidence, and he abandoned that argument in the Federal Proceedings. I don't know whether or not he did, but was there a way for him to get this information outside counsel's informing him of it? I mean, is it public record? Is it posted on a website or anything like that? And that brings us to the diligence. Importantly, and I think counsel may have missed, opposing counsel may have misstated, that the Petitioner has to be diligent throughout the proceedings, not just after he finds out that the petition for review was denied. He has to be diligent throughout the proceedings, and I think the case law is clear on that in this circuit. He waited 16 months, 16 months after he was advised by his appellate counsel that he had one year to file a timely Federal petition from the time his petition for review was denied. Sixteen months later, he files a supplemental petition for review in the California Supreme Court. Not a request for status, but just a supplemental petition for review. He then waits another two months just to figure out whether or not his petition or his original petition for review was still pending, a total of a year and a half after he was notified that he had only one year following the denial. In addition, he was on notice. The California rules of court provide for a procedure that at most it will take 90 days for a denial of a petition for review, a single petition for review, at most 90 days. He waited a year and a half to try and figure out whether or not his case was still pending, and all it took was a letter to the California Supreme Court. He didn't have to do anything extraordinary. The counsel that was, that wrote him the letter on April 21, 03, was still representing him in September of 04? No. She wrote specifically in that letter, April 03, that her representation of him would end immediately upon filing the petition for review, not upon a denial, not upon the notice, upon filing the petition for review. But she assumed some additional obligation by saying, I'll let you know. Oh, absolutely. I completely agree. She did. And she was negligent in not doing it. But it was just ordinary negligence. Does the record provide any of her explanation as to how this occurred? Not to my knowledge, no. Okay. Unless Ben has it. Is she still in practice, as far as you know? I don't know. Okay. I haven't heard any details of it. Unless Ben has any other questions, I'd be pleased to see. No. Thank you for your argument. I'll give you 30 seconds for rebuttal, counsel. Thanks for coming in today. According to the CalBAR.org website, she is still in practice. She's never been disciplined. Even very good attorneys, she's been an attorney, I believe, since 1979. Even very good attorneys commit mistakes. The doctrine of equitable tolling is independent of the constitutional right to counsel. And the U.S. Supreme Court affirmed that in Lawrence v. Florida, where they do refer to equitable tolling. And since you don't have a constitutional right to Federal habeas, and the doctrine of equitable tolling is alive and well, though perhaps not applied all that frequently, but it is alive and well, so it doesn't have anything to do with constitutional right to counsel. In terms of my client's diligence, if I may just give a few moments to that, my client did write to the California Supreme Court, and he said, quote, I beg the Court to give some response. He didn't know what had happened to his petition for review. And once he heard from the California Supreme Court, on December 14th, the California Supreme Court notified him his petition was denied. He filed a Federal habeas petition January 11th. Unfortunately, he sent it to the wrong court. He sent it to the Fifth District Court of Appeal that treated it as a State court habeas. And then as soon as that was rejected, he then sent on January 29th, 2005, he mailed a habeas petition to the Eastern District, which then became file stamp February 14th. My point in the briefs is that, is that, in contrast to the finding of the district court, that he was diligent. Once he found out that the petition had been denied, he then scurried into action and, as soon as possible, did file requisite petitions. Thank you. Thank you both for your arguments. The case just argued will be submitted for decision. We'll proceed to the fourth case on the argument calendar, which is the United States against MACA.
judges: B. Fletcher, Siler , Hawkins